DIONISIO FELICIANO, demandante y apelante, *v.*
RAFAEL ROSADO, demandado y apelado.

Núm. 8200.—*Sometido:* Junio 17, 1940. *Resuelto:* Julio 26, 1940.

*Carlos D. Vázquez,* abogado del apelante; *Justo Casablanca,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

El presente recurso de desahucio en precario fué iniciado ante la Corte de Distrito de San Juan. La demanda contiene las alegaciones corrientes sobre la propiedad de una casa detentada por el demandado. La primera vista fué celebrada el 13 de abril de 1940 y la segunda el 29 de abril.

En una excepción previa y en su contestación el demandado alegó que el demandante no tenía capacidad para demandar. Sostiene que el demandante no es el único dueño de la finca en cuestión; que la referida finca fué vendida por Carmen Cartagena al demandante con pacto de retro. Las partes radicaron en la corte inferior una estipulación de hechos, así como copia de la escritura de compraventa. En mayo 2 de 1940 la corte de distrito dictó sentencia declarando sin lugar la demanda. La opinión contiene las siguientes conclusiones de hecho:

Que según escritura otorgada el 16 de febrero de 1939, Carmen Cartagena, madre del demandado, vendió al demandante, Dionisio Feliciano, la finca en cuestión, reservándose el derecho de recobrar la misma dentro de un término de cuatro años; que dicha venta se efectuó por la suma de $1,100, adeudada por el demandado, Rafael Rosado, a Dionisio Feliciano; que Feliciano había embargado el establecimiento de Rosado; que este último había estado en posesión de la casa por autorización concedídale por Carmen Cartagena; y que él nunca había entregado la posesión a Feliciano ni había pagado canon o merced alguna.

La corte resolvió que de conformidad con el artículo 1410 del Código Civil el contrato debía considerarse como uno de hipoteca; y que en su consecuencia Feliciano no era el dueño, sino un acreedor hipotecario, y que como tal no tenía capacidad para demandar.

El demandante apela. El caso fué visto en apelación en 17 de junio.

■■ Se señalan cinco errores, mas la cuestión principal a dirimir es si el contrato fué uno de compraventa o uno de hipoteca. La estipulación de hechos leía así:

"Comparecen el demandante y el demandado en este caso, por conducto de sus respectivos abogados de récord, y para que sirva como prueba de las alegaciones de la demanda y la contestación enmendada, someten la estipulación de hechos que sigue:

"1. Que Rafael Rosado está en posesión material de la finca objeto del desahucio, sin que tenga ningún contrato con el demandante ni le pague canon o merced alguna.

"2. Que Rafael Rosado está en posesión material de la mencionada finca por autorización concedídale por doña Carmen Cartagena, quien en 16 de febrero de 1939, vendió dicha finca con pacto de retro al demandante teniendo un plazo de cuatro años a partir del otorgamiento de dicha escritura, para pagar los $1,100 a que dicha escritura se refiere, y obtener entonces la retroventa de la misma por parte de Feliciano.

"3. Que hasta la fecha de esta estipulación de hechos, los $1,100 no han sido pagados por doña Carmen Cartagena ni por ninguna otra persona a su nombre, ni el Sr. Feliciano le ha otorgado escritura de retroventa.

"4. Que el Sr. Dionisio Feliciano nunca ha estado ni está al presente en posesión material de la casa objeto del desahucio, aunque la ha gestionado extrajudicialmente.

"Ésta es la estipulación de hechos que respetuosamente someten a este Hon. Tribunal."

El artículo 1410 del Código Civil (ed. 1930) dispone:

"Toda venta de propiedad inmueble con pacto de retroventa se presumirá que constituye un contrato de préstamo por el montante del precio, con garantía hipotecaria de la finca vendida, en cualquiera de los casos siguientes:

"*Primero:* Cuando el comprador no hubiere estado en posesión material de la cosa vendida.

"*Segundo:* Cuando el vendedor pague interés al comprador por el precio de la venta, aunque se denomine canon de arrendamiento o se le dé otro nombre cualquiera.

"*Tercero:* Cuando se hiciere figurar en el contrato, como precio de enajenación una cantidad enteramente inadecuada."

No se ofreció prueba ni hubo alegación alguna respecto a intereses. Puede asumirse que no se pagaron intereses o que la suma de $1,100 era un precio razonable para la casa. Mas el artículo 1410 sólo exige una de tres condiciones. El mero hecho de que Feliciano nunca tomara posesión bastaba para hacer surgir la presunción.

El apelante sostiene que en la estipulación las partes convinieron en que "doña Carmen Cartagena . . . vendió dicha finca con pacto de retro al demandante" y alega que esas palabras equivalen a una aceptación por parte del demandado de que el contrato fué en realidad uno de compraventa, y que la escritura dice que el contrato fué una venta. En nuestra opinión esas palabras meramente expresan que Carmen Cartagena otorgó la escritura en cuestión. Esas dos manifestaciones—contenidas en la estipulación y en la escritura—prueban fuera de toda duda que Carmen Cartagena en realidad vendió una casa a Dionisio Feliciano sujeta a cierta condición. La aseveración siguiente en el sentido de que él nunca ha tomado posesión de la casa crea una presunción estatutaria a tenor del artículo 1410 del Código Civil. Ni en la estipulación ni en la escritura aparece algo que destruya esta presunción.

■ Se acepta que éste no fué un préstamo hecho por Feliciano a la persona que le vendió. Mas la deuda existente entre Feliciano y Rosado (asumida por la madre de Rosado, la cedente), estaba tan sujeta a ser garantizada por hipoteca como cualquier deuda nueva. De suerte, pues, que el punto suscitado no puede destruir la presunción.

El apelante sostiene que la verdadera cuestión en controversia es si el dueño de una casa cuyo título está sujeto a la condición de retroventa puede demandar en desahucio. Si el contrato hubiera subsistido como uno de compraventa, la condición no impediría que se iniciara este recurso, toda vez que él sería el dueño, y el derecho de la otra parte era meramente potencial. Pero como su contrato ha de ser con-

siderado como uno de hipoteca, él no es un dueño y no tiene derecho a demandar en desahucio.

La otra cuestión planteada por el apelante es que Rosado no tenía derecho a atacar el contrato por no ser parte en el mismo.

Según la estipulación, la madre de Rosado le había cedido el uso de la propiedad algún tiempo antes de efectuarse la venta. Por lo menos él estaba interesado en la interpretación que debía dársele al contrato.

Sea ello como fuere, si ninguna de estas cuestiones puede ser resuelta por la corte porque tal vez Rosado no podía tener éxito propiamente en sus defensas, la demanda en todo caso podría ser desestimada debido al conflicto y el demandante debe acogerse a un pleito ordinario.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. De Jesús no intervino.